0UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDI MICHELE CHASSAR,

       Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

Case No. 2:17-CV-14144
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 11) AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 12)

**I.      RECOMMENDATION**: For the reasons that follow, it is

**RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary

judgment (DE 11), **GRANT** Defendant's motion for summary judgment (DE 12),

and **AFFIRM** the Commissioner's decision.

**II.     REPORT**

This case involves a very limited period of claimed disability, running from

the alleged onset date of February 12, 2012 (when Plaintiff, Randi Michele

Chassar, was involved in a car accident) through June 30, 2012, the date last

insured (DLI).  (R. at 28, 136-37.)  Plaintiff brings this action under 42 U.S.C. §

405(g) for review of a final decision of the Commissioner of Social Security

("Commissioner") denying her application for social security disability insurance (DI) benefits. This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's motion for summary judgment (DE 11), the Commissioner's cross motion for summary judgment (DE 12), Plaintiff's reply (DE 13), and the administrative record (DE 9).

### A. Background and Administrative History

Plaintiff filed her application for DI benefits on July 18, 2014. (R. at 136-37.) In her disability report, she states that the following conditions limited her ability to work: fusion of L5/S1 lumbar back injury; Thorasic [sic] T3/T4 bilateral facet arthrosis; T4/T5 right neural foraminal narrowing; T12/L1 bilateral facet arthrosis with fluid in facet joint; C5/C6 left lateral disc bulge and left neural foraminal; chronic cervicalgia; cephalgia; myositis; temporomandibular joint disorder (TMJ); and depression. (R. at 166.) Her application was denied on October 2, 2014. (R. at 110-13.)

On April 21, 2015, Plaintiff requested a hearing by an Administrative Law Judge (ALJ). (R. at 114-16.) On March 23, 2016, ALJ Patricia S. McKay held a hearing, at which Plaintiff, who appeared by telephone, and a vocational expert, Harry Cynowa, testified. (R. at 37-102.) ALJ McKay issued an opinion on September 26, 2016, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 23-36.)

Plaintiff submitted a request for review of the hearing decision/order on November 7, 2016. (R. at 134-35.) However, on October 24, 2017, the Appeals Council denied Plaintiff's request for review. (R. at 1-6.) Thus, the ALJ's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on December 20, 2017.

### B. Plaintiff's Medical History

The administrative record contains approximately 660 pages of medical records, which were available to the ALJ at the time of her September 26, 2016 decision. (R. at 257-923 [Exhibits 1F – 21F].) These materials will be discussed in detail, as necessary, below.

### C. The Administrative Decision

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff did not engage in substantial gainful employment during the four and one-half month period in question. (R. at 28.) At **Step 2**, the ALJ found that Plaintiff had the following medically determinable impairments through the DLI: history of motor vehicle accident resulting in lumbar, thoracic, and left shoulder sprain; head injury; and asthma, but that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months through the DLI, and thus did not have a

"severe impairment." (*Id.* at 28-32.) The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset date of February 12, 2012 through June 30, 2012, the DLI. (*Id.* at 32.)

### D.     Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence supports a decision if 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' backs it up." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."); *Richardson*, 402 U.S. at 399 ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."). Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner

5

of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *see also Biestek*, 880 F.3d at 783 ("[A] decision supported by substantial evidence must stand, even if we might decide the question differently based on the same evidence.") (citing *Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E. Analysis

Plaintiff alleges two claims of error: (1) the ALJ's finding that Plaintiff had no severe impairments prior to her DLI is not supported by substantial evidence; and (2) her claim should be remanded for review by a medical expert to determine disability and infer an onset date—presumably an earlier one—pursuant to SSR 83-20. (DE 11 at 3, 16-26.) The Commissioner opposes Plaintiff's motion, asserting that substantial evidence supports the Commissioner's Step 2 finding that Plaintiff did not have a severe impairment prior to her DLI, and that SSR 83-20 does not apply to this case. (DE 12 at 7-12.) I agree with the Commissioner on both counts, and will address each argument in turn below.

### 1. Step 2 legal standard

Plaintiff "bears the burden of demonstrating that [s]he suffers from a medically determinable physical impairment" as well as "the burden of showing a severe impairment by medical evidence." *Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 559 (6th Cir. 2014); *Watters v. Comm'r of Soc. Sec.*, 530 F. App'x 419, 412 (6th Cir. 2013). This impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; *see also* 20 C.F.R. § 404.1520(a)(4)(ii). The Sixth Circuit construes the Step 2 severity regulation as a *de minimis* hurdle," *Rogers*, 486 F.3d at 243 n.2 (internal quotation marks and citation omitted), intended to "screen out totally groundless claims." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985). Thus, if an impairment has "more than a minimal effect" on the claimant's ability to do basic work activities, the ALJ must treat it as "severe." *See* SSR 96-3p, 1996 WL 374181, at *1 (1996). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1520(c). "Under this standard, the question … is whether there is substantial evidence in the record supporting the ALJ's finding that [Plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Farris*, 773 F.2d at 90.

### 2. The ALJ's Step 2 finding is supported by substantial evidence

To be eligible for disability insurance benefits, a person must become disabled *during* the period in which he or she has met the statutory special earnings requirements. 42 U.S.C. § 423(a), (c), (d); *see Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "If a claimant is no longer insured for disability benefits at the time she files her application, she is entitled to disability insurance benefits only if she was disabled before the date she was last insured." *Renfro v. Barnhart*, 30 F. App'x 431, 435 (6th Cir. 2002). Therefore, the ALJ generally only considers evidence from the alleged disability onset date through the DLI. *King v. Sec'y of Health & Human Servs.*, 896 F.2d 204, 205-06 (6th Cir. 1990). "Evidence of disability obtained after the expiration of insured status is generally of little probative value," *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004), and is relevant to the disability decision only if the evidence "relate[s] back to the claimant's condition prior to the expiration of her date last insured." *Wirth v. Comm'r of Soc. Sec.*, 87 F. App'x 478, 480 (6th Cir. 2003); *see also Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (per curiam) (holding that a treating physician's opinion, based on a treatment record that began eight months after the DLI, was not entitled to substantial weight). "If the plaintiff becomes disabled after the loss of insured status, the claim must be denied even though she became disabled thereafter." *Kirchner v. Colvin*, No. 12-cv-15052,

2013 WL 5913972, at *3 n.1 (E.D. Mich. Nov. 4, 2013) (citing *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs*, 880 F.2d at 862).

### a.     The ALJ's analysis

I find, consistent with this case law, that the ALJ properly considered the medical record evidence in this case. She did not ignore or wholly discount the record evidence before or after the relevant time period, but instead properly considered whether that evidence "relate[s] back to the claimant's condition prior to the expiration of her date last insured," *see Wirth*, 87 F. App'x at 480, and concluded that "[n]othing in the claimant's clinical signs suggests that impairments were severe before the date last insured." (R. at 32.) The ALJ discussed Plaintiff's medical record evidence during the relevant time period (February through June 2012), indicating that she was involved in a motor vehicle accident on February 12, 2012, in which her airbags did not deploy and she did not lose consciousness. (R. at 30, citing R. at 497-500.) Plaintiff sought treatment in the emergency room the following day, complaining of pain on the left side of her head, nausea, vomiting, diarrhea, and "slight left shoulder pain." (R. at 497.) X-rays taken that day of Plaintiff's neck, shoulder, and back were all normal, and a CT scan of her head revealed no abnormalities. (R. at 497-98, 500.) Plaintiff refused medication for pain. (R. at 497.) Plaintiff went to the emergency room in April 2012, but complained only about a rash. Treatment notes show that she did not complain of

9

pain, and the physical musculoskeletal examination was normal, including normal range of motion, normal strength and no tenderness. (R. at 30, citing R. at 286, 288.) The ALJ also found that there is no link between Plaintiff's asthma and any significant work-related limitation before or during this time period. (R. at 30, citing R. at 257-58, 302, 347.) The ALJ additionally gave great weight to the opinion of the State agency psychology consultant, Leonard Balunas, Ph.D., that Plaintiff had no medically determinable mental impairment prior to her DLI, finding that opinion consistent with the treatment record. (R. at 31, citing R. at 106.)

      The ALJ also examined the record evidence *after* Plaintiff's DLI, which was "positive for subsequent back surgeries, TMJ, and mental impairments[,]" but found that "the treatment record does not support that these impairments were directly caused by [Plaintiff's] February 2012 motor vehicle accident *or* that the other physical and mental impairments were diagnosed by an acceptable medical source or supported by objective medical evidence *before* [Plaintiff's] date last insured." (R. at 30-31 (emphases added).) In fact, as the ALJ noted, MRI scans of Plaintiff's cervical, thoracic, and lumbar spine taken in August 2013—more than one year after the accident—were generally benign. (R. at 30, citing R. at 531-33.) The ALJ also reviewed Plaintiff's treatment records and opinion evidence by John Carlino, D.D.S. and Richard Klein, D.D.S. post-dating Plaintiff's DLI, and

10

thoroughly explained her reasons for giving the opinion evidence little weight. (R. at 31, citing R. at 324, 380, 528-59, 613-712, 834, 874-916.) She noted that the treatment record did not establish that the impairments identified were severe *prior to* Plaintiff's DLI, and that the opinion evidence was inconsistent with the treatment record and Plaintiff's allegations, in part because she was able to *earn her Master's degree in psychology notwithstanding the allegations of debilitating pain and symptoms*. (*Id.*) Plaintiff does not challenge the ALJ's assignment of weight to this opinion evidence.

### b. The ALJ properly evaluated the record evidence *prior to* Plaintiff's date last insured

Plaintiff complains that the ALJ did not expressly address certain treatment notes pre-dating her DLI in her decision, which she claims "showed she was suffering from residual health and emotional problems since her accident." (DE 11 at 17-20.) However, it is well-established that the ALJ does not need to discuss every piece of evidence in her decision. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("While it might be helpful for an ALJ to articulate his reasons for crediting or discrediting each … opinion, it is well settled that 'an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'") (citing *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)); *see also Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("[A]n ALJ is not

11

required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered.") (citation omitted). Moreover, the ALJ held the record open after the hearing to allow for additional medical evidence (Exhibits 8F through 21F), stated that she "has reviewed the new evidence," and that her decision "reflects all exhibited evidence as of the date of this decision." (R. at 26.)

Plaintiff refers to records she believes show diagnoses of various impairments before her DLI, including a head injury, memory loss, ADD/ADHD, and TMJ. (DE 11 at 17-19.) However, mere diagnoses say nothing about symptom severity or functional limitations. *See Young v. Sec'y of Health and Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990) ("[I]t is well established that a diagnosis alone does not indicate any functional limitations caused by an impairment."); *see also Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."). Consistent with that record evidence, the ALJ recognized that Plaintiff's "history of [a] motor vehicle accident, resulting in lumbar, thoracic, and left shoulder sprain" and her "head injury" and asthma were medically determinable impairments through the DLI (R. at 28); however, the mere existence of impairments prior to the DLI does not establish that they were significantly limiting at that time. *See Seeley v. Comm'r of Soc. Sec.*, 600 F. App'x

12

387, 390 (6th Cir. 2015) (stating that the mere existence of impairments prior to the DLI does not establish that the claimant was significantly limited from performing basic work activities for a continuous period of time). Plaintiff fails to point to any record evidence reflecting specific limitations *on her ability to work* prior to her DLI. *See Lorence v. Comm'r of Soc. Sec.*, No. 01-10069 2002 WL 1791925, at *3 (E.D. Mich. July 31, 2002) ("The medical records in this case contained no information regarding any physical limitation or the intensity, frequency, and duration of pain associated with the conditions found. In fact, the record does not contain any statement by any single physician that the plaintiff's medical conditions, either by themselves or in combination, would restrict his ability to work in any way.").[1]

---

[1] In her reply brief, Plaintiff points out that she had complained in her motion that the ALJ should not have afforded "great weight" to the September 30, 2014 opinion of Dr. Balunas, the state agency psychologist, in part because his opinion was based on an incomplete review of the record (although that argument is contained *only* in her second claim of error in which she contends that Dr. Balunas's opinion "does not obviate the need for a medical advisor pursuant to SSR 83-20"—an argument which she now concedes should be denied). (DE 13 at 3, n.1, & 6-7, citing DE 11 at 25-26.) However, the ALJ considered Dr. Balunas's opinion in conjunction with her own review of the entire record evidence, and Plaintiff fails to point to any record evidence setting forth any work-related mental limitations prior to her DLI that contradict Dr. Balunas's opinion. In addition, the ALJ also reviewed the remaining opinion evidence in the record and explained her reasons for affording those opinions only little weight, including that the opinions are not supported by or are inconsistent with the treatment record and that Plaintiff was able to earn her Master's degree in psychology notwithstanding her allegations of debilitating pain and symptoms. (DE at 31.) *See Jones v. Soc. Sec. Admin.*, No. CIV 3:13-1204, 2015 WL 1235039, at *10 (M.D. Tenn. Mar. 17, 2015) ("The ALJ

### c. The ALJ also properly evaluated the record evidence *after* to Plaintiff's date last insured

Plaintiff also asserts that the record evidence documents ongoing treatment for accident-related injuries *after* her DLI, and hypothetically posits that "*[h]ad* there been *no* expiration of [Plaintiff's] insured status in this case, there is a real *possibility* that [she] *should have been* found disabled." (DE 11 at 21-22 (emphases added).)² However, whether Plaintiff is disabled now, even if as a result of her February 2012 motor vehicle accident, is irrelevant, if she has failed to establish that she suffered a severe impairment prior to her date late insured. *Renfro*, 30 F. App'x at 435 ("If a claimant is no longer insured for disability benefits at the time she files her application, she is entitled to disability insurance benefits only if she was disabled before the date she was last insured."); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the

---

is not bound to accept evidence that is contradictory to, or unsupported by the evidence of record. When there are contradictory opinions in the record, the final decision regarding the weight to be given to the differing opinions lies with the Commissioner."). To the extent Plaintiff makes any new arguments in her reply brief regarding Dr. Balunas's opinion, they are waived. *See United States v. Owens*, 458 F. App'x 444, 446 (6th Cir. 2012) ("Arguments raised for the first time in a reply brief are waived.")

² Again, this argument is contained *only* in Plaintiff's second claim of error, which she concedes in her reply brief should be denied. (DE 13 at 3, n.1; DE 11 at 21-22.)

14

Commissioner only at Step Five."). In any event, the ALJ expressly considered the record evidence post-dating Plaintiff's DLI and found that it does not show "that the other physical or mental impairments were diagnosed by an acceptable medical source or supported by objective medical evidence *before the claimant's date last insured*." (R. at 30-31 (emphasis added).) Plaintiff does not challenge this finding with any evidence, *i.e.*, she has failed to cite to any evidence after her DLI that establishes a limitation on her ability to work *prior to* her DLI.

The issue in this case is not whether this Court could come out differently on the severity determination, but whether substantial evidence supports the ALJ's finding. *See Reed v. Colvin*, No. Civ. 13-54-GFVT, 2014 WL 318569 (E.D. Ky. Jan. 29, 2014) ("The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ."). I find, for the reasons set forth above, that the ALJ's Step 2 determination is supported by substantial evidence, and Plaintiff's first claim of error should be denied.

### 3. SSR 83-20 does not apply to this case

Plaintiff initially argued in her second claim of error that SSR 83-20 mandates that a medical expert is needed to review the medical evidence in this case. (DE 11 at 20-26.) She thought better of it after reviewing the Commissioner's brief, which correctly points out that SSR 83-20 does not apply here because there was never a disability finding in this case. Plaintiff concedes

15

this in her reply brief, which is commendable. (DE 12 at 11-12; DE 13 at 3 n.1); *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) ("SSR 83-20 is not applicable to this case, since this policy statement applies only when there has been a finding of disability and it is necessary to determine when the disability began."). Instead, "the only necessary inquiry is whether the claimant was disabled prior to the expiration of [her] insured status[.]" *Key*, 109 F.3d at 274. Notably, Plaintiff herself claimed in her application that the disability began on February 12, 2012, not sooner. (R. at 136-37.) The ALJ correctly evaluated the record evidence, which included documentation of Plaintiff's condition during the relevant time period, and determined that she was not disabled. Accordingly, Plaintiff's second claim of error is denied.

### F. Conclusion

I find that there is substantial evidence supporting the ALJ's Step 2 determination. I note that an ALJ's decision cannot be reversed merely because there exists some other evidence in the record that might support a different conclusion. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion…. This is so because there is a 'zone of choice' within which the Commissioner can act without the fear of court interference.") (citation omitted);

16

*see also Biestek*, 880 F.3d at 783 ("[A] decision supported by substantial evidence must stand, even if we might decide the question differently based on the same evidence."). Plaintiff has failed to demonstrate that or how the ALJ's Step 2 finding is not supported by substantial evidence and has failed to convincingly show that a different outcome was legally or factually required on this record. Plaintiff's claims of error should be denied.

Accordingly, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (DE 11), **GRANT** Defendant's motion for summary judgment (DE 12), and **AFFIRM** the Commissioner of Social Security's decision.

## III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d

1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: February 15, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 15, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager to the
Honorable Anthony P. Patti