UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDI MICHELE CHASSAR,

      Plaintiff,                                 Case No. 17-cv-14114

v.                                                     Paul D. Borman
                                                        United States District Judge

COMMISSIONER OF                      Anthony P. Patti
SOCIAL SECURITY,                      United States Magistrate Judge

      Defendant.
_____/

**OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S FEBRUARY 15, 2019 REPORT AND RECOMMENDATION (ECF NO. 14), (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 15) (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 11), (4) GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 12), AND (5) AFFIRMING THE DECISION OF THE COMMISSIONER**

On February 15, 2019, Magistrate Judge Anthony P. Patti issued a Report and Recommendation to Deny Plaintiff's Motion for Summary Judgment and Grant Defendant's Motion for Summary Judgment, and affirm the findings of the Commissioner. (ECF No. 14, Report and Recommendation "R&R".) On February 22, 2019, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 15.) Defendant filed a Response to Plaintiff's Objections. (ECF No. 16.) Having

1

conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 12), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11), and AFFIRMS the findings of the Commissioner.

## I. BACKGROUND

Plaintiff filed her claim for Disability Insurance Benefits ("DIB") on July 18, 2014, alleging a disability onset date of February 12, 2012 (the date on which Plaintiff was involved in a parking lot car accident). Plaintiff's insured status expired on June 30, 2012, the date last insured ("DLI"). The action thus involves a very limited period of claimed disability, running from February 12, 2012 to June 30, 2012. Plaintiff's application was denied by the state disability determination service and she requested an administrative hearing, which occurred on March 23, 2016 before Administrative Law Judge ("ALJ") Patricia S. McKay. (ECF No. 9, Transcript of Administrative Record ("Tr.") 37-102.) On September 26, 2016, ALJ McKay issued her decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 23-36.) On October 24, 2017, the Appeals Council declined to review ALJ McKay's decision. (Tr. 1-6.) Plaintiff timely filed her appeal to this Court.

In her disability report, Plaintiff listed several conditions that she alleged limited her ability to work: lumbar back injury, bilateral facet arthrosis, right neural foraminal narrowing, bilateral facet arthrosis with fluid in facet joint, left lateral disc bulge and left neural foraminal narrowing, chronic, cervicalgia, cephalgia, myositis, temporomandibular joint disorder, depression. (Tr. 166.) Plaintiff last worked in 2007 and has not worked since due to reasons other than her current medical conditions. (Tr. 167.) Although Plaintiff reports that she has not worked since 2007, she reports that her conditions only became severe enough to keep her from working on February 12, 2012. (*Id.*)

The ALJ found that Plaintiff has the following medically determinable impairments through the DLI: history of motor vehicle accident resulting in lumbar, thoracic, and left shoulder sprain; head injury; and asthma, but concluded that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities through the DLI, and thus did not have a "severe" impairment at Step 2 of the disability framework and therefore was not under a disability from the alleged onset date of February 12, 2012 and June 30, 2012. (Tr. 28-29.) The ALJ found the Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be not entirely consistent with the medical and other evidence in the record. (Tr. 30.) The ALJ found that the "treatment

3

record does not support that the claimant's back and shoulder sprains, head injury, and asthma caused more than minimal vocational relevant limitations," and found that the alleged impairments were not severe as defined in 20 C.F.R. 404.1520(c) and SSRs 85-28 and 96-3p. (*Id.*)

After proceeding through all of the appropriate administrative appeals, Plaintiff timely filed her action in this Court on December 20, 2017. This Court referred the matter to Magistrate Judge Anthony P. Patti who issued his Report and Recommendation on February 15, 2019 to deny Plaintiff's motion for summary judgment and to affirm the decision of the Commissioner. Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to

pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc.*

5

*Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations

about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id*. (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

## III. ANALYSIS

The Social Security Regulations describe the inquiry at step two in pertinent part as follows: "You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. 404.1520(c). Basic work activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers, and usual work situations; and
> (6) Dealing with changes in a routine work setting.

*Harley v. Comm'r of Soc. Sec.*, 485 F. App'x 802, 803 (6th Cir. 2012) (quoting 20 C.F.R. §§ 404.1521(b), 416.921(b)).

In the Sixth Circuit, "the step two severity regulation codified at 20 C.F.R. §§ 404.1520(c) and 404.1521 has been considered a *de minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "Under the prevailing *de minimis* view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* (citing *Farris v. Sec'y of Health and Human Servs.*,

773 F.3d 85, 89-90 (6th Cir. 1985)). At stage two, the Plaintiff must "prove that she suffered from more than slightly or minimally impairing ailments before her DIB coverage lapsed." *Id*. at 863.

> A. **Objection No. 1: The Magistrate Judge Correctly Concluded That The ALJ's Finding That Chassar Did Not Have Any Severe Impairments Prior to Her Date Last Insured (DLI) is Supported by Substantial Evidence**

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ's decision that Plaintiff did not meet the *de minimis* hurdle of the second step in the disability evaluation process was supported by substantial evidence. The Magistrate Judge concluded that "Plaintiff fails to point to any record evidence reflecting specific limitations *on her ability to work* prior to her DLI," and concluded that the ALJ's determination that Plaintiff's history of medical impairments prior to the DLI were not significantly limiting during that period of time was supported by substantial evidence. (R&R 13, PgID 1022) (emphasis in original). The Court concludes that the Magistrate Judge did not err in finding that the ALJ's determination that Plaintiff did not demonstrate any severe impairments prior to her DLI was supported by substantial evidence.

"[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014) (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)). "It is plaintiff's

9

burden to provide evidence showing how her impairment has affected her functioning during the period of alleged disability." *Turner v. Comm'r of Soc. Sec.*, No. 17-cv-12735, 2018 WL 4610875, at *5 (E.D. Mich. Aug. 31, 2018) (Davis, MJ), *adopted at* 2018 WL 4600284 (E.D. Mich. Sept. 25, 2018) (internal quotation marks and citation omitted). "'The mere existence of . . . impairments . . . does not establish that [the plaintiff] was significantly limited from performing basic work activities for a continuous period of time.'" *Id.* (quoting *Despins v. Comm'r of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007)). The Sixth Circuit has noted that "'[w]hen doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, this court has regularly found substantial evidence to support a finding of no severe impairment.'" *Despins*, 257 F. App'x at 930 (quoting *Long v. Apfel*, 1 F. App'x 326, 331 (6th Cir. 2001). "[S]ince *Higgs*, the Sixth Circuit has regularly found substantial evidence to support a finding of no severe impairment if the medical evidence contains no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition." *Green v. Comm'r of Soc. Sec.*, No. 17-13528, 2019 WL 1102225, at *6 (E.D. Mich. Jan. 31, 2019), *adopted at* 2019 WL 1098919 (E.D. Mich. March 8, 2019).

In support of this objection, Plaintiff directs the Court to two pieces of record evidence. One is a Clinical Progress Note (the date is illegible although it is apparently presumed by the parties to have been recorded prior to the DLI – some time in March or May, 2012) indicating that Plaintiff complained of "memory loss," although the Note also states that Plaintiff's short term memory "appears ok" and Plaintiff was able to "recount history of events." (Tr. 849.) The Note also remarks that Plaintiff reported she had "difficulty with writing." (*Id*.) Plaintiff argues that this Note is evidence not only of diagnoses but of "symptoms" and "findings" to support these diagnoses. Although nothing in this Note indicates that these impairments limited Plaintiff's ability to perform basic work functions in any way, Plaintiff argues that "it is difficult to imagine how memory loss would not result in more than a slight impact on the ability to function in a work setting," and she asserts that from this evidence "it stands to reason" that Plaintiff's ability to work must have been affected in some significant way.

Even assuming that these records are evidence of Plaintiff's reporting symptoms and the medical providers making findings and supplying diagnoses, nothing in this Note indicates the effect that this "memory loss" and "difficulty with writing" had on Plaintiff's functioning, specifically on her ability to perform basic work. *See Apfel*, 1 F. App'x at 331-32 (finding no severe impairment at step two

where the medical records "[did] not contain a single statement by a treating physician indicating that [the claimant's] health problems result in any specific work-impairing limitations"). So too here. There is no statement or indication in this Note regarding the magnitude of Plaintiff's "memory loss," nor any indication that this "memory loss" affected Plaintiff's ability to perform basic work. In fact Plaintiff reported at that visit that she was "currently studying" and Plaintiff testified at her administrative hearing that she did in fact earn her Masters in Psychology in early 2013 through an online course of study that she was actively pursuing prior to the DLI and throughout the relevant period. (Tr. 62, PgID 88.) "'The mere existence of . . . impairments . . . does not establish that [the plaintiff] was significantly limited from performing basic work activities for a continuous period of time.'" *Turner*, 2018 WL 4610875, at *5.

Next Plaintiff directs the Court to a May 17, 2012 treatment note from United Psychological, in which the medical provider lists a diagnosis of "ADHD" and circles "impaired" rather "intact" as to Plaintiff's "attention and/or concentration." (Tr. 917.) This same treatment note also indicates that Plaintiff's affect was "congruent," her motor skills, speech, and thought processes were "intact," her judgment and insight were "intact - good," her memory was "grossly intact," and she was "oriented times three." (*Id.*) Nothing in this treatment note indicates that Plaintiff's ADHD was more than a slight or minimal impairment of Plaintiff's to concentrate – and the record

12

evidence of her successful pursuit of a Masters degree during this same period of time suggests no severe limitations as would preclude basic work as a result of this diagnosis.

In an effort to demonstrate that this ADHD diagnosis necessarily demonstrated difficulty with persistence and pace to perform full-time work, Plaintiff cites the testimony of the vocational expert ("VE") at the administrative hearing who opined that, if all of Plaintiff's testimony was found to be credible, Plaintiff would be unable to engage in competitive employment due to an inability to maintain persistence and pace. (Tr. 99.) Plaintiff fails to point out that the VE was responding to the ALJ's hypothetical that asked the VE to *credit all* of Plaintiff's testimony, which in the end the ALJ found "not entirely consistent with the medical and other evidence in the record." (Tr. 30.) Plaintiff does not challenge the ALJ's credibility finding. "Concentration, persistence, and pace, refer to the 'ability to sustain focused attention sufficiently long to permit the timely completion of tasks commonly found in work settings.'" *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 150 (6th Cir. 1990) (quoting 20 C.F.R.Pt. 404, Subpt. P, App. 1, § 12.00(C)(3)). Nothing in this note suggests that Plaintiff suffered from a severe inability to focus or suggests any severe limitation on her ability to walk, stand, lift, push, pull, reach, carry, handle, see, hear, speak, understand and carry out simple instructions, use judgment, respond

appropriately to others or deal with changes in setting. Indeed the note observes that Plaintiff is "currently studying," and other record evidence confirms that Plaintiff was pursuing her Masters degree in Psychology at this time, which she did complete in early 2013, all while raising children and maintaining a 4.0 grade point average.

Plaintiff has failed to pinpoint any error in the Magistrate Judge's conclusion that substantial evidence supports the ALJ's determination that Plaintiff did not overcome the *de minimis* Step 2 severity hurdle. While the records relied upon by Plaintiff in her objection indicate that Plaintiff complained of certain impairments in or around May 2012, "there is no objective medical evidence in the record sufficient to overturn the Commissioner's determination that those impairments did not significantly limit [her] ability to perform basic work activities prior to [her DLI]." *Despins*, 257 F. App'x at 931.

Nor was the ALJ required to specifically identify and discuss these two records in her decision when her decision made clear that she allowed new evidence to be submitted and expressly stated that her decision "reflect[ed] all exhibited evidence as of the date" of her decision. (Tr. 26.) It is well understood that "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky*, 167 F. App'x at 508.

14

"The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 388, 389-90 (6th Cir. 2001). "The substantial evidence standard presupposes that there is a "zone of choice" within which the Secretary may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281-82 (6th Cir. 2009) (quoting *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)). Plaintiff demonstrates no error in the Magistrate Judge's conclusion that ALJ McKay operated within that zone of choice here in concluding at step two that Plaintiff did not suffer from a severe impairment prior to the DLI. Plaintiff's first objection is **OVERRULED**.

> **B.** **Objection No. 2: The Magistrate Judge Correctly Concluded That the ALJ's Decision that Plaintiff Failed to Cite Any Evidence From *After* Her DLI That Established a Limitation on Her Ability to Work *Prior* to her DLI was Supported by Substantial Evidence**

In support of this objection, Plaintiff directs the Court to post-DLI evidence, specifically an August 1, 2012 report by Julia A. Burnham, D.O. regarding Plaintiff's complaint of "headaches and loss of words." (Tr. 854-56.) Dr. Burnham states that Plaintiff reported suffering from an increase in headaches since her February 12, 2012 parking-lot car accident when she was hit by a jeep while traveling at low rate of speed. Plaintiff complained of photophobia, phonophobia, and osmophobia, and an

increase in agitation when having a headache. Plaintiff was not using any medications to treat her headaches. Plaintiff also complained of "forgetfulness that has not progressed or worsened." (*Id*. at 855.) Dr. Burnham observed that despite the headaches and forgetfulness, Plaintiff "maintains a 4.0 average obtaining her masters in Psychology" and is "a busy mother of 4 children." (*Id*.) Dr. Burnham recommends psychiatry counseling and Botox therapy for Plaintiff's migraines. (*Id*.) Notably, Dr. Burnham's report contains no statements that would indicate that Plaintiff's migraine headaches or her forgetfulness severely limited her ability to walk, sit, stand, lift, push, pull, reach, carry, handle, see, hear, speak, understand and carry out simple instructions, use judgment, respond appropriately to supervision or co-workers, or deal with changes in a routine work setting – either during the period prior to her DLI or even at the time that she examined the Plaintiff post-DLI. "[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it." *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014). "It is plaintiff's burden to provide evidence showing how her impairment has affected her functioning during the period of alleged disability." *Turner*, 2018 WL 4610875, at *5 (internal quotation marks and citation omitted). And simply demonstrating that a condition may have worsened since the DLI does not establish that the Plaintiff was disabled from performing basic work prior to the DLI. *King v. Sec. of Health and*

16

*Human Servs.*, 896 F.2d 204, 206 (6th Cir. 1990).

Here, substantial evidence supports the ALJ's determination that Plaintiff's post-DLI evidence did not reflect limitations on the Plaintiff's functioning *prior* to the DLI . As the record demonstrates, Plaintiff was able to work on and earn a Masters degree in Psychology, and reportedly to maintain a 4.0 grade point average, prior to and after the DLI, and physical testing (MRIs, CT scans) done in this post-DLI period often indicated normal/benign conditions. As discussed *supra*, substantial evidence supported the ALJ's determination that Plaintiff did not suffer from a severe limitation on her ability to perform basic work between February 12, 2012 and June 30, 2012 (her DLI), in part due to the absence of any evidence in the medical records indicating such an impairment on Plaintiff's limitations to perform basic work functions. The post-DLI evidence to which Plaintiff directs the Court suffers from the same evidentiary shortcoming – nothing in this evidence speaks to or suggests any limitations on Plaintiff's ability to perform basic work despite the apparent onset of the migraine headaches. Despite the absence of medical evidence suggesting any non-minimal degree of the severity of the limitations on Plaintiff's ability to perform basic work, Plaintiff argues in her objection that it is "common sense" that Plaintiff's migraines both severely limit her ability to perform basic work and affected her functioning prior to the DLI. But this "common sense" deduction is not a substitute

for medical opinion evidence – particularly where the medical evidence of record supports a conclusion otherwise.

The salient point here is that even assuming some correlation between the symptoms and diagnoses of Plaintiff's condition prior to and after her DLI, Plaintiff's post-DLI evidence does not establish *any degree of limitation* on Plaintiff's ability to perform basic work functions *prior* to the DLI. "[E]vidence of a claimant's post-DLI condition, to the extent it relates back, is relevant only if it is reflective of a claimant's limitations prior to the date last insured, rather than merely [her] impairments or condition prior to that date." *Fucinari v. Comm'r of Soc. Sec.*, No. 12-cv-13308, 2013 WL 2393137, at *6 (E.D. Mich. May 31, 2013) (internal quotation marks and citation omitted). For the reasons discussed above, Plaintiff's post-DLI evidence does not meet this threshold of relevance.

The ALJ's decision need not be the only and best conclusion – it need only be supported by substantial evidence. Substantial evidence supported the ALJ's conclusion that Plaintiff's medical records, either prior to or after her DLI, do not suggest anything other than a minimal limitation on Plaintiff's ability to perform basic work and the ALJ appropriately considered that Plaintiff's own level of functioning during the relevant time period suggests nothing more than a minimal restriction on Plaintiff's ability to perform basic work. Plaintiff's objection does not refer the Court

to evidence in the record undermining the ALJ's conclusions or mandating a reversal of the ALJ's decision. Rather, Plaintiff urges the Court to speculate about what "must have been" occurring prior the Plaintiff's DLI despite the record evidence relied upon by the ALJ demonstrating what "was" occurring.

Plaintiff demonstrates no error in the Magistrate Judge's conclusion that the ALJ's decision that Plaintiff's post-DLI evidence did not establish a limitation on her ability to perform basic work prior to her DLI is supported by substantial evidence. Plaintiff's second objection is **OVERRULED**.

## IV. CONCLUSION

The Magistrate Judge correctly concluded that "Plaintiff has failed to demonstrate that or how the ALJ's Step 2 finding is not supported by substantial evidence and has failed to convincingly show that a different outcome was legally or factually required on this record." (R&R 17, PgID 1026.) Accordingly, the Court:

1) OVERRULES Plaintiff's Objections (ECF No. 15);

2) ADOPTS Magistrate Judge Patti's February 15, 2019 Report and Recommendation (ECF No. 14);

3) DENIES Plaintiff's Motion for Summary Judgment (ECF No. 11) and GRANTS the Defendant's Motion for Summary Judgment (ECF No. 12); and

19

4) AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 18, 2019